MAYNARD K. GODWIN,

      Petitioner,

vs.                           Case No.:    3:15-cv-1309-J-34JBT
                                                3:10-cr-276-J-34JBT

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

    This case is before the Court on Petitioner Maynard K. Godwin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, Motion to Vacate); (Civ. Doc. 1-3; Facts in Support) and Memorandum of Law in Support (Civ. Doc. 2; Memorandum).[1] The United States has responded (Civ. Doc. 6; Response), and Godwin has replied (Civ. Doc. 9; Reply). Godwin also filed two notices of supplemental authority. (Civ. Doc. 10; First Notice of Supplemental Authority); (Civ. Doc. 12; Second Notice of Supplemental Authority). The case is ripe for a decision.

    Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255

---

[1] Citations to the record in the underlying criminal case, United States vs. Maynard K. Godwin, Case No. 3:10-cr-276-J-34JBT, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:15-cv-1309-J-34JBT, will be denoted as "Civ. Doc. __."

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); <u>Patel v. United States</u>, 252 F. App'x 970, 975 (11th Cir. 2007).[3] For the reasons set forth below, Godwin's Motion to Vacate is due to be denied.

## I.    Background

The facts of the underlying crime are thoroughly recounted in <u>United States v. Godwin</u>, 765 F.3d 1306, 1310-13 (11th Cir. 2014), but the Court briefly summarizes them here. Godwin was the leader of a dog tag-wearing gang named "The Guardians," which tried to model itself after the infamous "Hell's Angels" motorcycle gang. Over the course of 15 months between 2009 and 2010, the group terrorized people in the area of Jacksonville, Florida by committing criminal acts including armed bank robberies, home invasion robberies, fencing stolen items, stockpiling firearms and body armor, selling drugs, and beating one man, Dillon Burkhalter, to within an inch of his life. As the gang's leader, Godwin directed its members to commit several of these crimes, including the vicious attack on Burkhalter.

Law enforcement originally arrested Godwin on November 18, 2010, based on a complaint alleging that he had distributed cocaine, in violation of 21 U.S.C. § 841(a)(1). (Case No. 3:10-cr-305-J-34MCR, Doc. 1, Doc. 3). A grand jury indicted Godwin on that same charge on December 15, 2010. (<u>Id.</u>, Doc. 17). A grand jury later returned a superseding indictment on February 24, 2011, which added Kenneth Deshawn Anderson,

---

[3]     Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point.  Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

Jr. as a co-defendant (Id., Doc. 23). However, on June 20, 2011, the United States moved to dismiss the superseding indictment, and the Court granted the motion. (Id., Doc. 63, Doc. 65).

On April 20, 2011, while the superseding indictment in Case No. 3:10-cr-305 was still pending, a grand jury returned a superseding indictment against Godwin and others in the instant criminal case, charging the defendants in 22 counts, including one count of violating the Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1962(c). (Crim. Doc. 31; Superseding Indictment).[4] Six months later, a grand jury returned the Second Superseding Indictment, which charged Godwin and others with one count of violating RICO under 18 U.S.C. § 1962(c) (Count One) and one count of conspiracy to violate RICO under § 1962(d) (Count Two). (Crim. Doc. 138; Second Superseding Indictment); (Crim. Doc. 234; Corrected Second Superseding Indictment).[5] The grand jury also charged Godwin with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). Corrected Second Superseding Indictment at 33-34.

Godwin proceeded to a jury trial on the Corrected Second Superseding Indictment with his Court-appointed lawyer, James Hernandez.[6] Following a trial that lasted a little over three weeks, the jury found Godwin guilty of the substantive RICO offense and of conspiracy to violate RICO (Counts One and Two). (Crim. Doc. 256; Jury Verdict).

---

[4]     The original indictment in Case No. 3:10-cr-276 named only Andrew Chase Wilkie – one of the members of The Guardians – and charged him with one count of bank robbery, in violation of 18 U.S.C. § 2113, and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (Crim. Doc. 1; Indictment).

[5]     On April 10, 2012, the United States filed the Corrected Second Superseding Indictment to correct a typographical error regarding the amount of money taken during a bank robbery. See Corrected Second Superseding Indictment at 8, 24.

[6]     Mr. Hernandez represented Godwin both at trial and on direct appeal.

However, the jury acquitted Godwin of possession of a firearm by a convicted felon (Count Four). Id. In the course of finding Godwin guilty of violating RICO, the jury determined that he committed nine racketeering acts, including the extortion of Burkhalter, numerous instances of distributing or conspiring to distribute cocaine and oxycodone, and transferring stolen property. Id. The Court sentenced Godwin to a term of 360 months in prison, consisting of consecutive terms of 240 months in prison as to Count One and 120 months in prison as to Count Two. (Crim. Doc. 364; Judgment).

Represented by the same counsel, Godwin appealed his conviction and sentence. Godwin argued that the Court erred by dismissing one of the jurors, Casey Andeer, before the start of the trial and by dismissing a second juror – Juror 10 – during deliberations. Godwin, 765 F.3d at 1316. The Eleventh Circuit rejected both arguments. As to Andeer, the Eleventh Circuit held that the Court was within its discretion to dismiss her as a juror because she would have been distracted by childcare obligations. Id. at 1316-18.[7] As to Juror 10, the Eleventh Circuit held that the Court had good cause to dismiss the juror because the other jurors unanimously identified Juror 10 as refusing to follow the Court's instructions. Id. at 1318-19. Accordingly, the Eleventh Circuit affirmed Godwin's conviction and sentence. Id. at 1324.

Godwin petitioned the Supreme Court for a writ of certiorari, but the Supreme Court denied the petition on November 10, 2014. Godwin v. United States, 135 S. Ct. 491 (2014). Less than a year later, Godwin timely filed the instant Motion to Vacate.

---

[7] The Eleventh Circuit also found the Court did not err in considering statements made by Andeer's father when he called the courthouse to relay how distraught his daughter was about having to serve on the jury. Id. at 1316-17. The Court did not solicit the father's statements; the Court promptly brought those statements to the parties' attention; and neither side objected to the Court considering the father's statements. Id.

## II. The Motion to Vacate

Godwin raises four grounds for relief in his Motion to Vacate. First, Godwin contends that trial counsel gave ineffective assistance by failing to object to (by the Court's count) three alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.[8] Second, Godwin contends that his sentence is erroneous in light of Amendment 790, a clarifying amendment to § 1B1.3 of the United States Sentencing Guidelines ("Guidelines") regarding "relevant conduct," which became effective about a year after Godwin's conviction and sentence became final. Third, Godwin claims that counsel gave ineffective assistance by failing to object to the imposition of consecutive sentences. Fourth, Godwin argues that counsel gave ineffective assistance at sentencing and on appeal by failing to raise an alleged error under Alleyne v. United States, 570 U.S. 99 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000).

As noted above, Godwin also filed two notices of supplemental authority. In the First Notice, Godwin alerted the Court to United States v. Barona-Bravo, 685 F. App'x 761 (11th Cir. 2017). In Barona-Bravo, the Eleventh Circuit held that Amendment 790 applied retroactively on direct appeal and remanded the case to the district court to make the appropriate findings regarding the defendants' relevant conduct. In the Second Notice, Godwin alerted the Court to Nelson v. Colorado, — U.S. —, 137 S. Ct. 1249, 197 L.Ed.2d 611 (2017). In Nelson, the Supreme Court held that Colorado statutes violated due process

---

[8] Godwin's "Facts in Support" seem to list two violations of the Speedy Trial Act, Facts in Support at 1-5, but between the Facts in Support and the Memorandum, the Court counts three alleged violations: (1) the government's failure to bring him to trial within 70 days of filing the original indictment in Case No. 3:10-cr-305, in violation of 18 U.S.C. § 3161(c)(1); (2) the fact that the government brought the Superseding Indictment in the instant criminal case more than 30 days after his arrest on November 18, 2010, in violation of 18 U.S.C. § 3161(b); and (3) the fact that Godwin was not brought to trial after being held in continuous detention for more than 90 days, in violation of 18 U.S.C. § 3164.

by requiring defendants whose convictions have been reversed or vacated to prove their innocence by clear and convincing evidence in order to obtain the refund of costs, fees, and restitution paid pursuant to the invalid conviction.

## III. Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered in a collateral attack. United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992).

As with any Sixth Amendment ineffective assistance of counsel claim, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that his counsel's deficient performance sufficiently prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). In determining whether the petitioner has satisfied the first requirement, i.e. that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks, 26 F.3d at 1036. The

petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance." Id. To satisfy the second requirement, that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

## A. Ground One: Counsel's Failure to Object to Alleged Speedy Trial Act Violations

As noted above, Godwin alleges that counsel gave ineffective assistance by failing to object to three violations of the Speedy Trial Act. The Court addresses each alleged violation in turn.

### 1. Violation of the 70-day Time-to-Trial Rule, 18 U.S.C. § 3161(c)(1)

First, Godwin faults counsel for withdrawing a motion to dismiss the indictment in Case No. 3:10-cr-305. See Facts in Support at 1-2. Godwin asserts that the United States failed to bring him to trial within 70 days of filing the original indictment in that case, as he claims was required under 18 U.S.C. § 3161(c)(1).[9] The original indictment, which charged

---

[9]    The statute states:

Godwin with a single count of distributing cocaine, was returned on December 15, 2010, and as of February 25, 2011, no trial had commenced. Rather, on February 24, 2011, a grand jury returned a superseding indictment which added a co-defendant. Godwin asserts that the Speedy Trial clock expired on February 25, 2011.

This same Speedy Trial claim formed the basis of a motion to dismiss the indictment in Case No. 3:10-cr-305, which Godwin's counsel filed on February 28, 2011. (Case No. 3:10-cr-305-J-34MCR, Doc. 38; Motion to Dismiss). In the Motion to Dismiss, Godwin's counsel argued that the 70-day Speedy Trial clock under § 3161(c)(1) had expired, and urged the Court to dismiss the indictment with prejudice. Id. Four days later, however, Godwin's counsel withdrew the Motion to Dismiss without giving an explanation. (Id., Doc. 49; Motion to Withdraw). The gist of Godwin's ineffective assistance claim is that counsel was right when he filed the Motion to Dismiss, and he performed deficiently by withdrawing it.

Counsel performed reasonably by withdrawing the Motion to Dismiss because there was no Speedy Trial Act violation. As the United States points out, when counsel first performed his 70-day calculation, he failed to exclude February 24, 2011 – the date on which the superseding indictment was filed in Case No. 3:10-cr-305. Response at 12; see

---

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(c)(1). However, any of the circumstances listed in § 3161(h) can toll the 70-day Speedy Trial clock.

<u>also</u> Motion to Dismiss at 9. Under Eleventh Circuit precedent, the date of filing an indictment is excluded from the Speedy Trial calculation, <u>United States v. Yunis</u>, 723 F.2d 795, 797 (11th Cir. 1984), and the same is true with respect to the date of filing a superseding indictment, <u>United States v. Maloy</u>, 835 F. Supp. 1373, 1375 (M.D. Fla. 1993) ("The day the superseding indictment was returned is excluded from the speedy trial period."). Thus, when counsel filed the Motion to Dismiss, he improperly counted February 24, 2011 against the 70-day speedy trial clock. As of February 25, 2011, only 69 non-excludable days had elapsed since the return of the original indictment in Case No. 3:10-cr-305, so no Speedy Trial Act violation had occurred.[10] Accordingly, it was reasonable for counsel to have withdrawn the Motion to Dismiss.

Alternatively, even if a Speedy Trial Act violation had occurred in Case No. 3:10-cr-305, Godwin was not prejudiced. The United States ultimately moved to dismiss the indictment in that case, and the Court granted the motion. (<u>See</u> <u>id.</u>, Doc. 63, Doc. 65). As such, any Speedy Trial Act violation in Case No. 3:10-cr-305 had no effect on the outcome of the proceedings in the criminal case Godwin challenges here.

### 2. Violation of the 30-day Time-to-Indict Rule, 18 U.S.C. § 3161(b)

The second suggested Speedy Trial Act violation concerns the time limit for bringing an indictment under 18 U.S.C. § 3161(b). Section 3161(b) provides in pertinent part that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Godwin seems to argue that

---

[10]     On February 25, 2011, the United States moved to continue the trial in the interests of justice. (Case No. 3:10-cr-305-J-34MCR, Doc. 33). Godwin did not oppose the continuance. (<u>Id.</u>, Doc. 48). The Court granted the continuance, finding that the interests of justice supported doing so. (<u>Id.</u>, Doc. 52).

the Superseding Indictment in the instant criminal case, Case No. 3:10-cr-276-J-34JBT, was untimely because 41 days elapsed between his arraignment on the superseding indictment in Case No. 3:10-cr-305-J-34MCR (March 9, 2011) and the return of the Superseding Indictment in the instant criminal case, Case No. 3:10-cr-276-J-34JBT (April 20, 2011). See Facts in Support at 3-4; Memorandum at 1-5. Godwin argues that his counsel was ineffective for failing to recognize the Speedy Trial Act violation and not seeking dismissal of the Superseding Indictment in the instant case.

The Court begins by noting that the time to file an indictment does not run from the date of an arraignment, but "from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Thus, the time to obtain an indictment against Godwin for the October 7, 2010 cocaine distribution charge began to run on the day he was arrested, November 18, 2010. Less than 30 days later, on December 15, 2010, a grand jury returned the original indictment against Godwin, which charged him with one count of distributing cocaine. (Case No. 3:10-cr-305-J-34MCR, Doc. 17). The original indictment was superseded to add a co-defendant on February 24, 2011. (Id., Doc. 23). This superseding indictment remained pending until it was dismissed on June 20, 2011. While the superseding indictment in Case No. 3:10-cr-305 was still pending, on April 20, 2011, the United States obtained the Superseding Indictment in the instant criminal case. Notably, the October 7, 2010 distribution of cocaine charged in the original indictment and superseding indictment in Case No. 3:10-cr-305 was included in the Superseding Indictment in the instant criminal case.

Therefore, 153 days elapsed between Godwin's arrest on November 18, 2010, and the return of the Superseding Indictment in the instant case on April 20, 2011. However,

that does not mean the United States violated § 3161(b). "A superseding indictment that issues more than 30 days after the arrest, but before the original indictment is dismissed, does not violate § 3161(b)." United States v. Mosquera, 95 F.3d 1012, 1013 (11th Cir. 1996) (emphasis added) (citing United States v. Orbino, 981 F.2d 1035, 1037 (9th Cir. 1992)). As the Eleventh Circuit explained:

> [T]he Speedy Trial Act does not guarantee that an arrested individual indicted within thirty days of his arrest must, in that thirty-day period, be indicted for every crime known to the government, failing which he may never be charged. In short, the Speedy Trial Act is not a statute of limitations.
>
> ... [The applicable statute of limitations] specifies the time within which an arrested indicted defendant may be charged with additional crimes by superseding indictment.

Mosquera, 95 F.3d at 1013 (alterations in original) (footnote omitted) (quoting United States v. Wilson, 762 F. Supp. 1501, 1502 (M.D. Ga. 1991)). Such is the situation that existed here.

Although the Superseding Indictment in the instant case was returned more than 30 days after Godwin's arrest, the original indictment (charging Godwin in Case No. 3:10-cr-305 with one count of distribution of cocaine on October 7, 2010) was timely filed. A superseding version of the original indictment in Case No. 3:10-cr-305 was still pending when the Superseding Indictment in the instant case was returned. Because the Superseding Indictment "issue[d] more than 30 days after the arrest, but before the original indictment [was] dismissed, [it did] not violate § 3161(b)." Mosquera, 95 F.3d at 1013. Nor does Godwin argue that the Superseding Indictment (or the Second Superseding Indictment) in the instant case was returned outside the five-year statute of limitations. See 18 U.S.C. § 3282(a) (specifying a five-year statute of limitations for non-capital offenses). Therefore, the filing of the Superseding Indictment, which included the October 7, 2010

cocaine distribution charge, did not violate § 3161(b), and it was reasonable for counsel not to move to dismiss it.

Alternatively, even if the Superseding Indictment was filed outside § 3161(b)'s 30-day limit, and assuming counsel would have performed deficiently by not moving to dismiss it, Godwin did not suffer prejudice. If an indictment is filed outside § 3161(b)'s 30-day window, the court must dismiss or drop the charge. 18 U.S.C. § 3162(a)(1). However, the court has the discretion to do so with prejudice or without prejudice, depending on "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id. "[T]he proper dismissal sanction to be imposed in each case is a matter left to the exercise of the sound discretion of the trial judge after consideration of the factors enumerated in the statute." United States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984).

Here, even if the Superseding Indictment was filed outside § 3161(b)'s time limit, Godwin has failed to present any facts or circumstances suggesting that the Court would have dismissed the charges with prejudice. Indeed, a brief review of the relevant factors suggests only a contrary conclusion. As the facts of this case and the nature of the charges reflect, the offense conduct was grave. One man, Dillon Burkhalter, nearly lost his life and suffered lasting injuries as a result of the beating commissioned by Godwin. The offense involved various gun- and drug-related activities, robberies, and the transfer of stolen goods. Godwin points to no evidence that any delay in obtaining the Superseding Indictment was in bad faith. Additionally, permitting reprosecution would not have worked any injustice on Godwin who still could have presented the same evidence, witnesses, and

defenses as before. Given these factors, even if there had been a Speedy Trial Act violation and counsel had moved to dismiss the Superseding Indictment, Godwin has failed to show that the Court would have dismissed the charges with prejudice. Notably, dismissing the Superseding Indictment without prejudice only would have delayed the trial, not avoided it. In the end, the evidence against Godwin would have been the same, and there is no reasonable probability the outcome of the proceeding would have been different.

In this regard, the case resembles <u>Chambliss v. United States</u>, 384 F. App'x 897 (11th Cir. 2010). There, the petitioner argued that counsel gave ineffective assistance by failing to seek dismissal of the indictment following a violation of the Speedy Trial Act. <u>Id.</u> at 897. On appeal, the government conceded that a Speedy Trial Act violation had occurred. <u>Id.</u> at 899. Nevertheless, the Eleventh Circuit rejected the ineffective assistance claim, explaining:

> We need not address whether petitioner's trial counsel provided constitutionally deficient performance by failing to move for dismissal of the indictment because we conclude that petitioner did not suffer prejudice. If counsel had moved to dismiss the indictment, the district court would have granted a dismissal without prejudice because of the serious nature of the charges and because the delay did not harm petitioner's ability to present a defense. After the district court dismissed the indictment without prejudice, the Government would have re-indicted him on the same charges. If the statute of limitations had run by the time that the indictment was dismissed, the government still would have had six months to obtain a new indictment. <u>See</u> 18 U.S.C. § 3288. Because the outcome of the proceedings would not have been different had counsel moved to dismiss the indictment, petitioner has not shown prejudice.

<u>Id.</u> The same reasoning applies here. While the Court does not find that a Speedy Trial Act violation occurred, even if one did, there is not a reasonable likelihood the result would

have been any different. As such, Godwin was not prejudiced by any failure to seek dismissal of the Superseding Indictment. This subclaim therefore does not merit relief.

### 3.  Violation of the 90-day Rule Under 18 U.S.C. § 3164

The last Speedy Trial Act violation suggested by Godwin concerns 18 U.S.C. § 3164. Section 3164(b) provides that when a person is being detained solely because he is awaiting trial, the trial "shall commence not later than ninety days following the beginning of such continuous detention." The 90-day trial period is subject to the same exclusions listed in § 3161(h). Id, § 3164(b). The remedy for not being brought to trial after being held in continuous custody for 90 or more days is automatic review of the conditions of release and release from further custody pending trial. Id., § 3164(c). As the statute says:

> Failure to commence trial of a detainee as specified in subsection (b), through no fault of the accused or his counsel … shall result in the automatic review by the court of the conditions of release. No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial….

Id. Dismissal of the indictment is not listed as a remedy for a violation of § 3164. Moreover, § 3162, which provides for dismissal of an indictment as a sanction for certain violations of the Speedy Trial Act, only applies to violations of §§ 3161(b) and (c), not a violation of § 3164.

Godwin suggests that counsel was ineffective for failing to bring a violation of § 3164's 90-day limitation to the Court's attention. See Facts in Support at 4-5. Specifically, Godwin contends he was held in continuous detention for more than 90 days without being brought to trial. Id. Even if this occurred, however, Godwin was not prejudiced under Strickland. As § 3164 shows, the only remedy for a violation of the 90-day provision would have been Godwin's release from custody pending trial and a review of the conditions of

release. The remedy would not have been dismissal of any of the charges. Counsel's

failure to notify the Court of any violation of § 3164, if one occurred, therefore had no effect

on the outcome of the proceedings. As such, this subclaim lacks merit and relief is due to

be denied.[11]

### B. Ground Two: Whether Amendment 790 Renders Godwin's Sentence Erroneous

Godwin's second claim for relief is that his sentence is based on an erroneous

application of U.S.S.G. § 1B1.3, which governs the determination of "relevant conduct" for

purposes of calculating the Guidelines range. Facts in Support at 5-16; Memorandum at

7-9. At the time Godwin was sentenced, § 1B1.3 provided that "in the case of a jointly

undertaken criminal activity" each defendant is accountable for "all reasonably foreseeable

acts and omissions of others in furtherance of the jointly undertaken criminal activity."

U.S.S.G. § 1B1.3(a)(1)(B) (2012).

> However, Amendment 790 struck that definition, and § 1B1.3(a)(1)(B) now defines "relevant conduct" in the case of jointly undertaken criminal activity to include:
>
>> all acts and omissions of others that were—
>>
>> (i) within the scope of the jointly undertaken criminal activity,
>>
>> (ii) in furtherance of that criminal activity, and
>>
>> (iii) reasonably foreseeable in connection with that criminal activity;

---

[11]    Godwin's reliance on United States v. Reyes, 165 F.3d 24 (5th Cir. 1998) (unpublished), is misplaced. Memorandum at 1-2. In Reyes, the district court did not decide whether counsel's failure to recognize a Speedy Trial Act violation was prejudicial. Id. at *2. The Fifth Circuit found there was a Speedy Trial Act violation and that counsel's performance was deficient, but remanded for a determination of whether the defendant was prejudiced. Here by contrast, the Court has determined Godwin was not prejudiced, even if a Speedy Trial Act violation did occur.

> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.
>
> U.S.S.G. § 1B1.3(a)(1)(B) (2015). In its commentary to Amendment 790, the Sentencing Commission explained that, where the prior version of § 1B1.3(a)(1)(B) focused on a seemingly two-part test in the text ("all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity"), Amendment 790 "restructure[d] the guideline and its commentary to set out more clearly the three-step version analysis the court applies in determining whether a defendant is accountable for the conduct of others in a jointly undertaken criminal activity under § 1B1.3(a)(1)(B)." U.S.S.G. Suppl. to App. C, Amend. 790, Reason for Amendment. While the "scope" element was previously articulated in the commentary to § 1B1.3, Amendment 790 now placed the "scope" element in the text of the guideline itself and provided several examples in the Application Notes of how the three-part test functions. Id.

Barona-Bravo, 685 F. App'x at 780. Amendment 790 went into effect on November 1, 2015, id. at 779, nearly a year after Godwin's conviction and sentence became final. Because it was a clarifying amendment, the Eleventh Circuit held that Amendment 790 had retroactive effect on direct appeal. Id. at 779-80 & n. 16. Godwin contends his sentence is erroneous because the Court failed to apply the three-part test now articulated in the text of § 1B1.3(a)(1)(B).

Godwin contends that Barona-Bravo means he is entitled to relief, but Godwin's reliance on Barona-Bravo is misplaced. See generally First Notice of Supp. Auth. In Barona-Bravo, the Eleventh Circuit held only that Amendment 790 applied retroactively on direct appeal. Barona-Bravo, 685 F. App'x at 780 n.16. Godwin's direct appeal concluded on September 3, 2014, and his conviction became final on November 10, 2014, before Amendment 790 came into effect. Barona-Bravo did not hold that Amendment 790 applied retroactively on collateral review, or after the defendant's conviction and sentence have become final. Thus, Barona-Bravo on its face has no applicability.

Even if the Court erroneously applied § 1B1.3(a)(1)(B), the Court is not authorized to grant relief on this claim under 28 U.S.C. § 2255. "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." <u>Spencer v. United States</u>, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). When a prisoner claims that his "sentence was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), a court lacks authority to grant relief "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>Spencer</u>, 773 F.3d at 1138 (quoting <u>Addonizio</u>, 442 U.S. at 185). Such a miscarriage of justice occurs where a defendant is actually innocent, or where a defendant's sentence is "unlawful," such as when the defendant and his counsel are denied the right to be present at the sentencing hearing, or where the sentence exceeds the statutory maximum. <u>See</u> <u>id.</u> at 1138-39. Likewise, a sentencing error qualifies as a "fundamental defect" where "a prior conviction used to enhance his sentence has been vacated." <u>Id.</u> at 1139. However, lesser errors, such as a misapplication of the sentencing guidelines, do not authorize relief under § 2255. <u>Id.</u> at 1140 ("A misapplication of advisory sentencing guidelines … does not violate an 'ancient' right, nor does it raise constitutional concerns.").

The Eleventh Circuit held in <u>Spencer</u> that even misclassifying the defendant as a career offender – which dramatically increased that defendant's guidelines range – was not of a magnitude that warranted relief under § 2255. <u>Id.</u> at 1138-40. As the court explained, the guidelines are purely advisory; thus, the district court could have imposed the same sentence, even without the sentencing enhancement, and it would have remained lawful so long as it was below the statutory maximum. <u>Id.</u> at 1140 ("But any

miscalculation of the guidelines range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence Spencer, the district court could impose the same sentence again.") (citing <u>Gilbert v. United States</u>, 640 F.3d 1293, 1304 (11th Cir. 2011) (en banc)). <u>See also</u> <u>Brown v. United States</u>, 688 F. App'x 644, 650-51 (11th Cir. 2017) (change in the law that undermined prisoner's career offender enhancement did not warrant relief under <u>Spencer</u> and § 2255).

Likewise, Godwin's 240-month and 120-month prison sentences did not exceed the statutory maximum and are therefore lawful, and a misapplication of § 1B1.3(a)(1)(B) does not implicate "actual innocence." <u>See</u> <u>Spencer</u>, 773 F.3d at 1140. As such, <u>Spencer</u> dictates that even if Amendment 790 meant the Court misapplied § 1B1.3 at sentencing, the error does not rise to the level of a "fundamental defect" that authorizes relief under § 2255.[12]

Besides, there is not a reasonable likelihood the Court would have sentenced Godwin differently even had it applied § 1B1.3 in a different manner. In sentencing Godwin, the Court stated:

> The Court has made its best effort to calculate the guidelines in this RICO case, which I confess have been more complicated than in any case I have been called upon to sentence over the last I guess almost six years. <u>The only thing that I think gives me some comfort is that as complicated as the sentence – as the guidelines were, at the end of the day, I'm confident that regardless of what the guidelines said, a 360-month sentence is the right sentence and that anything less than that would be completely insufficient to satisfy the statutory purposes of sentencing.</u> And so for those reasons the Court has imposed the sentence stated here today.

---

[12]     Even before <u>Spencer</u>, the Eleventh Circuit held "that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." <u>Burke v. United States</u>, 152 F.3d 1329, 1332 (11th Cir. 1998).

(Crim. Doc. 413; Sentencing Tr. Vol. IV at 15) (emphasis added). Thus, even if the Court miscalculated the Guidelines, there is no reasonable likelihood such miscalculation had any effect on Godwin's sentence because the Court would not have imposed a prison sentence of fewer than 360 months. For all of the foregoing reasons, relief on Ground Two is due to be denied.

## C. Ground Three: Counsel's Failure to Object to the Imposition of Consecutive Sentences

Godwin's third claim for relief is that counsel gave ineffective assistance, both at sentencing and on direct appeal, by failing to object to the imposition of consecutive sentences. As noted before, the Court imposed consecutive terms of imprisonment of 240 months as to Count One and 120 months as to Count Two, for a total term of imprisonment of 360 months. See Judgment at 2. Godwin argues that this was erroneous under U.S.S.G. § 5G1.3, and that counsel was ineffective for failing to object.

Godwin's claim misapprehends § 5G1.3. This section addresses how a district court should structure a defendant's sentence when the defendant has an undischarged term of imprisonment arising from another criminal proceeding, or when the court anticipates that a state court will impose a separate term of imprisonment. This section has no application where a court is considering whether to run multiple terms of imprisonment concurrently or consecutively when, as here, they arise out of the same proceeding.

The Guidelines section applicable to this circumstance is § 5G1.2, titled "Sentencing on Multiple Counts of Conviction," not § 5G1.3. Section 5G1.2 states in pertinent part:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary

19

to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d) (2012). Here, the jury convicted Godwin on two counts under 18 U.S.C. §§ 1962(c) and (d): one count for violating RICO and one count for conspiracy to violate RICO. See Jury Verdict. The maximum term of imprisonment for a RICO violation is 20 years. 18 U.S.C. § 1963(a). However, Godwin's advisory Guidelines range called for a prison sentence of 292 to 365 months, based on an adjusted offense level of 38 and a Criminal History Category of III. (See Crim. Doc. 411; Sentencing Tr. Vol. III at 88). Thus, Godwin's Guidelines range exceeded the statutory maximum under 18 U.S.C. § 1963(a). Under these circumstances, § 5G1.2 authorized the Court to run the sentences consecutively "to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). The Court determined that a total term of imprisonment of 360 months was appropriate, see Sentencing Tr. Vol. IV at 4-5, 15, and pursuant to U.S.S.G. § 5G1.2(d), ordered that the sentences on Counts One and Two run consecutively to reach the 360-month prison sentence that the Court deemed appropriate.

In addition to § 5G1.2, "Congress has granted district courts the discretion to impose either concurrent or consecutive sentences" through 18 U.S.C. § 3584(a). United States v. Perez, 956 F.2d 1098, 1103 (11th Cir. 1992). This statute provides that "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, ... the terms may run concurrently or consecutively...." 18 U.S.C. § 3584(a). The only limitation on the Court's discretion is that the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), id., § 3584(b), which the Court did here, see Sentencing Tr. Vol. IV at 6.

Thus, whether under U.S.S.G. § 5G1.2 or 18 U.S.C. § 3584(a), the Court was authorized to, and acted within its discretion, when ordering Godwin to serve consecutive terms of imprisonment on Counts One and Two. Section 5G1.3 simply had no bearing on Godwin's sentencing. As such, had Godwin's counsel objected to the imposition of consecutive sentences on the ground that doing so was erroneous under § 5G1.3, the objection would have been frivolous. Because an attorney has no obligation to raise a meritless argument or objection, Meeks v. Moore, 216 F.3d 951, 968 (11th Cir. 2000), relief on Ground Three is due to be denied.

### D. Ground Four: Counsel's Failure to Raise a Purported Apprendi or Alleyne Error

In Ground Four, Godwin argues that appellate counsel gave ineffective assistance by failing to raise a purported error under Apprendi, 530 U.S. 466, and Alleyne, 570 U.S. 99. In Apprendi, the Supreme Court held that any fact that increases the maximum sentence, other than the fact of a prior conviction, is an element of the offense and therefore must be either admitted by the defendant or proven beyond a reasonable doubt to a jury. 530 U.S. at 490. In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence, other than the fact of a prior conviction, is also an element of the offense and therefore must be admitted or proven beyond a reasonable doubt. 570 U.S. at 103.

Godwin seems to argue that the Court violated Apprendi and Alleyne when it made findings at the sentencing hearing by a preponderance of the evidence, which elevated his Guidelines range, even though some of these facts were not alleged in the indictment or proved to the jury. Facts in Support at 18-20; Memorandum at 9-11. Godwin argues that

counsel was ineffective because he failed to object to the alleged error at the sentencing hearing and failed to brief the issue on appeal.

Strickland applies when reviewing the effectiveness of appellate counsel. Smith v. Robbins, 528 U.S. 259, 285 (2000). Thus, a petitioner raising an ineffective assistance claim relating to appellate counsel must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the outcome of his appeal would have been different, but for the unreasonably deficient performance. Black v. United States, 373 F.3d 1140, 1142 (11th Cir. 2004). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751–52 (1983). As such, "[a]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith, 528 U.S. at 288. "[I]t is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." Id.

"Apprendi … did not put an end to judicial fact-finding in sentencing." United States v. Curbelo, 726 F.3d 1260, 1268 (11th Cir. 2013). Following Apprendi, judges may still "determine facts relevant to the appropriate sentence under the United States Sentencing Guidelines, as long as those findings did not take the sentence above the statutory maximum." Id. (citing United States v. Booker, 543 U.S. 220, 233 (2005)). Likewise, "[f]ollowing Alleyne, [the Eleventh Circuit] has held that a district court may make guidelines calculations based on judicial factfindings so long as those findings do not increase the statutory minimum or maximum authorized by facts determined in a guilty

plea or jury verdict." <u>United States v. Aurelhomme</u>, 598 F. App'x 645, 647 (11th Cir. 2015) (citing <u>United States v. Charles</u>, 757 F.3d 1222, 1225 (11th Cir. 2014)). When determining a guideline range, "a district court may make additional factual findings under a preponderance of the evidence standard, that go beyond the facts found by the jury, so long as the court recognizes the Guidelines are advisory." <u>United States v. Dean</u>, 487 F.3d 840, 854 (11th Cir. 2007). Because facts used to enhance the advisory Guidelines range do not increase the mandatory minimum or statutory maximum sentence, such facts need not be alleged in the indictment. <u>United States v. Thomas</u>, 446 F.3d 1348, 1355 (11th Cir. 2006).

Godwin's claim that the Court violated <u>Apprendi</u> and <u>Alleyne</u> when it made factual findings by a preponderance of the evidence, for purposes of calculating the advisory Guidelines range, therefore lacks merit. Because the Court did not make any factual findings that increased the maximum or the mandatory minimum sentence provided by the applicable statute, there was no need to allege these facts in the indictment, to put them before a jury, or to require that they be proved beyond a reasonable doubt. To the extent the Court decided to run the sentences on Counts One and Two consecutively, such that the total term of imprisonment exceeded the statutory maximum for a single RICO violation, doing so did not violate <u>Apprendi</u> either because the sentence for each individual conviction was within the statutory maximum. <u>United States v. Davis</u>, 329 F.3d 1250, 1253 (11th Cir. 2003) ("<u>Apprendi</u> does not prohibit a sentencing court from imposing consecutive sentences on multiple counts of conviction as long as each is within the applicable statutory maximum."); <u>United States v. Smith</u>, 240 F.3d 927, 930 (11th Cir. 2001) (holding there is no <u>Apprendi</u> error where the sentence imposed is less than the aggregate statutory

maximum for multiple convictions). As such, there was no error under <u>Apprendi</u> or <u>Alleyne</u>. Because any argument that there was such an error would have been meritless, counsel had no duty to raise it at sentencing or on appeal. <u>Meeks</u>, 216 F.3d at 968.

Additionally, Godwin submitted a letter from counsel as an attachment to his Motion to Vacate. (Civ. Doc. 1-2; Letter). The Letter reflects that counsel had a strategic reason for briefing the two issues concerning the jurors and omitting others:

> Dear Maynard
>
> Attached please find your proposed appeal that I have drafted for your review. I have elected to brief the two jurors' issues in jury selection and during deliberations. I believe we should only have the strongest issues before the court in order not weaken [sic] your argument on appeal.
>
> Please review the attached appeal. Please give me your input no later than May 10, 2013. The deadline to have your appeal in Atlanta before the 11th Cir is May 23, 2013.

<u>See</u> Letter. The Letter reflects that counsel considered the two juror issues to be the strongest issues, and that he believed including other issues would detract from the strength of the appellate brief. This strategy is consistent with the Supreme Court's observation that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." <u>Jones</u>, 463 U.S. at 751–52. Because counsel's decision not to brief the purported <u>Apprendi</u> and <u>Alleyne</u> errors could have been based on strategic considerations, and because the underlying claim would have lacked merit, relief on Ground Four is due to be denied. <u>See</u> <u>Black</u>, 373 F.3d at 1144-46 (appellate counsel does not perform deficiently by not raising an argument if a reasonable attorney might have thought to do the same); <u>Barnes v. United States</u>, 427 F. App'x 726, 727 (11th Cir. 2011) (holding that appellate counsel did not perform deficiently where petitioner

"never argued that no other reasonable appellate counsel would have acted the same way").

### E.  Nelson v. Colorado

Finally, Godwin submitted the Supreme Court's opinion in <u>Nelson</u>, 137 S. Ct. 1249, as a second notice of supplemental authority. In <u>Nelson</u>, the Supreme Court held that certain Colorado statutes violated due process by requiring defendants whose convictions were reversed or vacated to prove their innocence by clear and convincing evidence in order to obtain a refund of costs, fees, and restitution paid pursuant to the invalid conviction. 137 S. Ct. at 1252, 1255. Godwin argues that <u>Nelson</u> abrogated or overruled the Supreme Court's holding in <u>United States v. Watts</u>, 519 U.S. 148, 157 (1997), "that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." Second Notice of Supp. Auth. at 3. Godwin relies on <u>Nelson</u> to buttress his argument in Ground Four that the Court violated <u>Alleyne</u> and <u>Apprendi</u> by using judicial factfinding to enhance his Guidelines range. He argues that enhancing his sentence based on conduct for which he was not found guilty is as wrong as retaining a monetary fine based upon a crime for which a person was acquitted.

<u>Nelson</u> does not help Godwin because <u>Nelson</u> is wholly inapplicable to his circumstance. In <u>Nelson</u>, part of what the Supreme Court found offensive to due process was the fact that Colorado law put the burden of proof on the individual whose conviction was invalidated. <u>See Nelson</u>, 137 S. Ct. at 1256. This differs from the procedure for finding facts that increase a defendant's Guidelines range, where the government still "has the burden of introducing 'sufficient and reliable' evidence to prove the necessary facts by

a preponderance of the evidence." United States v. Washington, 714 F.3d 1358, 1361 (11th Cir. 2013) (citations omitted). Thus, Nelson involved a materially different set of procedures.

Additionally, Nelson did not overrule Watts. "Nelson doesn't even mention Watts. And the Supreme Court doesn't typically 'overturn ... earlier authority sub silentio.'" United States v. Johnson, 732 F. App'x 638, 660 n.19 (10th Cir. 2018) (quoting Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 18 (2000)). See also Benton v. United States, No. 9:18-CV-68, 2018 WL 3043310, at *2 (E.D. Tex. May 8, 2018) (rejecting argument that Nelson overruled or abrogated Watts). Nelson simply did not address the practice of judicial factfinding in calculating a defendant's advisory Guidelines range, so long as the government proves any fact that would increase the defendant's Guidelines range by a preponderance of the evidence. As such, Nelson does not entitle Godwin to any relief.

### IV.     Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Godwin seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Godwin "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED**:

1. Petitioner Maynard K. Godwin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Maynard K. Godwin, and close the file.

3. If Godwin appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of November, 2018.

**MARCIA MORALES HOWARD**
United States District Judge

Lc 19

Copies:

Counsel of Record

Pro se petitioner